# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| NICOLE RAWLEY and ANNA KRANOVA, | : |
| | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : Civil Action No.: 1:15-CV-03550-AT |
| TATTLE TAIL, INC. d/b/a Tattletale Lounge, a corporation; and DENIS KAUFMAN and RICHARD R. SCHRONCE, individuals, | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |

## JOINT MOTION TO APPROVE SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs Nicole Rawley and Anna Kranova  (collectively "Plaintiffs") and Defendants Tattle Tail, Inc. d/b/a Tattletale Lounge ("Tattletale"), Denis Kaufman and Richard R. Schronce (collectively "Defendants"), by and through their respective undersigned counsel of record, move this Court to approve the parties' stipulated settlement, as required by the Fair Labor Standards Act ("FLSA"), and to enter the proposed Order Approving Settlement submitted herewith. This settlement contemplates payment to the Plaintiffs for their purported FLSA damages and provides for payment to the Plaintiffs' counsel of attorneys' fees and costs incurred

in the prosecution of this lawsuit. In support of this Motion, the parties jointly represent to the Court as follows:

## I.  SETTLEMENT OF FLSA CLAIMS IN THE ELEVENTH CIRCUIT

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.* v. *United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.* In addressing the circumstances justifying court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for

approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

As the court in *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240-1 (M.D. Fla. 2010) noted:

*Lynn's Foods* requires the parties to an FLSA compromise to present the proposed agreement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." 679 F.2d at 1353. Although noting the unfairness of the settlements at issue, *Lynn's Food*s specifies no criteria for evaluating the "fairness" of a proposed compromise in a different case. *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075, 2009 WL 2371407 at *4 (M.D. Fla. Aug. 4, 2009), describes the problem faced by a district court:

**Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement.** Many factors may be in play as the parties negotiate a compromise that is acceptable to both sides. The parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the Defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.

> Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."
>
> Nevertheless, the district court must "scrutinize the settlement for fairness." To fully implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

(Emphasis added.) The "internal factors" to be considered are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery amounts; and (6) the opinions of the counsel. *Id.* at 1241.

The "external factors" concern whether the compromise frustrates the purposes of the FLSA. Factors to be considered are whether the compromise requires confidentiality, whether there exist other similarly situated employees, the likelihood that the claimant's circumstance will recur, whether there is a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, "or the requirement for a mature record and a pointed

determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 1244. As shown below, the factors strongly favor approving the proposed settlement in the instant case.

## II.    THE PARTIES' SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE BONA FIDE DISPUTE BETWEEN THE PARTIES

### a.  The Litigation and Settlement

Plaintiffs Nicole Rawley and Anna Kranova were originally a named plaintiff and an opt-in plaintiff, respectfully, in the related action, styled, *Farnsworth et al. v. Tattle Tail, Inc., et al.*, Civil Action No. 1:14-CV-00090-AT (the "Collective Action"), involving the same FLSA claims brought against Defendants Tattletale and Kaufman. After the parties reached a proposed settlement in the Collective Action following mediation, Plaintiffs Rawley and Kranova retained substitute counsel and the parties stipulated to the dismissal of Rawley's claims against Defendants without prejudice, and Rawley and Kranova withdrew their consents to serve as party representative and opt-in plaintiff, respectfully. This Court approved the settlement in the Collective Action, and this Action followed.

On October 6, 2015, Plaintiffs commenced this Action by filing their Complaint [Doc. 1]. In the Complaint, Plaintiffs, former entertainers at Defendant

Tattle Tail, Inc. d/b/a Tattletale Lounge ("Tattletale"), alleged that Defendants willfully misclassified Plaintiffs as independent contractors and failed to pay them minimum wages in violation of the FLSA. Plaintiffs also assert claims pursuant to 26 U.S.C. § 7434 alleging that Defendants' willfully filed fraudulent information returns by reporting Plaintiffs' earnings on IRS Forms 1099-MISC.

On February 15, 2016, Defendants filed a consent motion to extend their time to answer the Complaint through March 17, 2016 [Doc. 12] in order to allow the parties adequate time to investigate Plaintiffs' allegations, prepare their respective damage calculations, and conduct settlement negotiations. The Court granted the motion on February 16, 2016 [Doc. 13]. Thereafter, the parties continued to investigate the background facts, research the legal claims and defenses at issue in the case, and exchange detailed damage calculations and settlement proposals. On March 17, 2016, after reaching a settlement in principle, the parties filed a joint motion to stay all proceedings and deadlines in the Action pending a ruling on the instant joint motion to approve the settlement [Doc. 14]. The Court granted the motion on March 18, 2016 [Doc. 18]. The parties' settlement is memorialized in the proposed Settlement Agreement submitted herewith as **Exhibit 1.**

### b.  <u>The Settlement Terms</u>

The Settlement Agreement provides for Tattletale to pay the total amount of $81,250 to resolve Plaintiff's claims. Section III.A of the Settlement Agreement contains a schedule showing the allocation of the settlement fund amongst Plaintiffs, and the amounts attributed to attorneys' fees and litigation expenses to their current and former attorneys. The settlement payments shall be made on a schedule with an initial payment of $25,000 (more than 30% of the total settlement) within 5 business days following the Court's approval of the settlement, and the remaining balance paid over a 15-month period thereafter in equal monthly installments of $3,750.

The Court will recall that Plaintiffs Rawley and Kranova were dissatisfied with the proposed settlement in the Collective Action and, with this Court's permission, "opted-out" of that case to pursue their own claims in this action. The proposed settlement in the Collective Action would have paid Rawley $10,642.69 and Kranova $7,469.08. After Rawley and Kranova "opted-out" of that case, this Court approved the settlement on behalf of the other plaintiffs on September 25, 2015.

The current proposed settlement, if approved, will pay Rawley **$29,473.42** and will pay Kranova **$19,855.53** after attorneys' fees and costs.

The proposed settlement will pay these Plaintiffs almost 300% more than the previous settlement would have paid them. Half of the total amount of the settlement proceeds to each Plaintiff will represent wages and half will represent liquidated damages.

Plaintiffs' former counsel of the firm Smith & Collins, Attorneys, LLC, are to receive total fee and costs of **$8,750.06** to compensate them for the work performed on Plaintiffs' behalf in the Collective Action. This amount reflects the pro rata shares of the attorney's fees attributable to plaintiffs in the Collective Action, which was approved by this Court as fair and reasonable.

Plaintiffs' current counsel of the firm DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC will receive **$23,170.99** in total fees and costs. This represents $16,124 in negotiated attorney's fees, plus $7,046.99 as a 25% contingency share of Plaintiffs' liquidated damages, pursuant to Plaintiffs' Retainer Agreement with their current counsel.[1] As of March 28, 2016, the current *actual* fees and costs of Plaintiffs' current counsel are in excess of $22,000. *See* **Exhibit 2** (Declaration of Mitchell D. Benjamin).

---

[1] Plaintiffs' retainer agreement calls for a contingency fee of 33% of any non-wage based recovery, and 25% of liquidated damages recovery. Although Plaintiffs' complaint included non-FLSA claims pursuant to 26 U.S.C. 7434, no portion of the settlement has been designated as non-wage based.

In exchange for the settlement payments, Plaintiffs have agreed to dismiss the Action with prejudice, to neither reapply, nor seek re-employment with Tattletale in the future, and to release any and all claims they may have against Defendants for alleged failure to pay for work performed at Tattletale, alleged violation of the FLSA or any state wage and hour law arising from their employment with Tattletale, and all claims which were or could have been brought against Defendants in the Action.

Following good faith, arms-length negotiations, the parties reached a compromise settlement of all claims. At all times during the litigation and settlement negotiations, the parties were represented by experienced counsel.

The parties agree that the settlement reflects a reasonable compromise of these disputed issues. Plaintiffs and their counsel discussed Plaintiffs' estimated number of shifts and hours worked, and the tip-outs and other fees they paid to Tattletale, and formulated proposed settlement figures. During their settlement negotiations, counsel for the parties submitted their respective damage calculations and case valuations. The parties, through their attorneys, voluntarily agreed to the settlement terms. Plaintiffs and Defendants have approved and signed the Settlement Agreement.

The parties negotiated, determined, and calculated the amounts to be paid to each Plaintiff, as set forth in the Settlement Agreement. The settlement payment

amounts were derived based on records exchanged by the parties evidencing Plaintiffs' respective number of shifts and hours worked, the average tip-out and other fees paid by Plaintiffs per shift, and the attorneys' fees and costs incurred by Plaintiffs' current attorneys, along with those incurred by Plaintiffs' former counsel, who retained an attorneys' lien on this case after Plaintiffs' substitution of counsel.

Each party to the Settlement Agreement has had a full, informed opportunity to review and analyze the individualized damage calculations made by the other party. While the parties are not in agreement about all the inferences that might properly be drawn from the evidence, they are confident that continued litigation of this case would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court.

### c. The Internal Factors Demonstrate That the Settlement Agreement is Fair and Reasonable and Should Be Approved

#### 1. There is No Collusion Behind the Settlement

As the pleadings (in this action and in the Collective Action) and billing records of Plaintiffs' counsel demonstrate, this was a contested litigation of a bona fide dispute, which was resolved only after the parties exchanged detailed information concerning Plaintiffs' estimated number of shifts and hours worked, and the tip-outs and other fees they paid to Tattletale. This discovery narrowed the range

of possible recovery amounts for Plaintiffs. Further, settlement was negotiated over several months, with multiple offers and counter-offers exchanged and frank discussion among counsel about the strengths and weaknesses of each party's position before settlement was ultimately agreed upon. Plaintiffs' counsel's fees were also negotiated separately from the settlement proceeds to be paid to Plaintiff. It is therefore clear that there is no collusion between counsel for the Plaintiff and Defendants. This factor strongly militates in favor of approving the proposed settlement.

### 2. The Complexity, Expense, And Likely Duration Of The Litigation Favor Approving The Proposed Settlement

This Action is legally complex because of the number of possible defenses that Defendants could have raised, as well as factually complex as in almost all potential misclassification cases. Substantial development of the facts was required in order for the parties to reach settlement. The parties and their counsel prudently attempted to devote their limited resources towards settlement, rather than continued litigation. If settlement were not reached at this time, numerous depositions would have needed to be taken, and significant delay in resolution of this dispute would ensue.

The Action involved heavily disputed legal and factual issues, including whether: (a) Plaintiffs, who performed as exotic dancers, qualified as "employees" or "independent contractors" (not covered under the FLSA); (b) Tattletale is entitled to an offset against any purported minimum wage liability for the performance fees it allowed Plaintiffs to retain; (c) any alleged FLSA violation by Defendants was "willful"—thereby extending the statute of limitations from 2 to 3 years; (d) Defendants can establish a good faith defense to avoid liquidated damages; (e) Plaintiffs are entitled to recover for the tip-out fees, late fees and other fees they paid to Tattletale; and (f) Plaintiffs are entitled to damages based on their claims that Defendants intentionally filed fraudulent information returns with the IRS. Furthermore, because Plaintiffs dispute the accuracy of Defendants' records of Plaintiffs' shifts and working hours, these compensable hours would have had to be recreated with alternate evidence. Therefore, many issues remain to be litigated if the settlement is not approved, with no accompanying commensurate benefit to Plaintiffs, as the settlement provides for damages within the range Plaintiffs could potentially have proven at trial.

The expense and likely duration of the litigation also support approving the Settlement Agreement. It is clear that this case is being aggressively litigated by both sides and that it will otherwise not be resolved quickly.

### 3. The Stage of the Proceedings and the Amount of Discovery Completed Support Approving the Settlement Agreement

Defendants have provided records evidencing Plaintiffs' shifts and work hours, which helped Plaintiffs and their counsel establish a reasonable range of recovery. This range was established by Plaintiffs and their counsel, and not by Defendants. As such, Plaintiffs and their counsel had sufficient information at the time the case was conditionally settled to determine a reasonably accurate range of potential damages and recoveries. This factor, too, weighs in favor of approving the Settlement Agreement.

### 4. The Probability of Plaintiffs' Success and the Range of Recovery Support Approving the Proposed Settlement Agreement

The parties strongly disagree as the merits of this case. Plaintiffs and their counsel believe that disputed issues of fact likely would permit this case to go to trial and that Plaintiffs' testimony as to liability and damages would be credited by a jury. Defendants contend that they would prevail at trial, and that even if Plaintiffs were found to be employees rather than independent contractors, their potential recovery would be offset by the amount of service charges Defendants permitted them to retain. Moreover, Plaintiffs acknowledge that carrying their burden of proving scienter on their 26 U.S.C. § 7434 claims would present substantial difficulty at trial. The facts of this case create substantial uncertainties and risks for all Parties and was

a significant catalyst of serious settlement negotiations. As the Settlement Agreement provides for a recovery of Plaintiffs within the range of possible recovery amounts as determined by Plaintiffs and their counsel, it should be approved as fair.

### d. The "External Factors" Support Approving the Settlement Agreement

The "external factors" to examine when considering the fairness of a proposed FLSA settlement, address whether the compromise frustrates the purposes of the FLSA. *Dees*, 706 F. Supp. 2d at 1244. Factors to be considered are whether the compromise requires confidentiality, whether there exist other similarly situated employees, the likelihood that the claimant's circumstance will recur, whether there is a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, "or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.*

These factors also favor approval of the Settlement Agreement. First, the compromise is filed as a public record. Further, there is no confidentiality imposed on Plaintiffs. This settlement also does not affect the rights of anyone but Plaintiffs (and their counsel) and Defendants. While there are other workers, employees or independent contractors who are similarly situated to Plaintiffs, those employees

have had a full opportunity to "opt-in" as plaintiffs in the Collective Action. As the external factors support approval of the Settlement Agreement, the parties respectfully request that this Court approve it.

### e. Plaintiffs' counsel's attorney's fees are fair and reasonable

The Supreme Court established a "lodestar" framework for analyzing attorney's fees awards under fee-shifting statutes in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct 1933, 76 L.Ed.2d 40 (1983), as interpreted in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Perkins v. Mobile Housing Bd.*, 847 F.2d 735 (11th Cir. 1988).

In light of the factors specified in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir 1974), the total fees and costs of $31,921.05 (including fees and costs of $8,750.06 to the firm of Smith & Collins, Attorneys, LLC, to compensate them for the work performed on Plaintiffs' behalf in the earlier litigation) which will be paid to Plaintiffs' counsel pursuant to the settlement agreement is eminently reasonable. This is especially so because the actual fees and costs incurred by Plaintiffs' current counsel are in excess of $22,000 and they will receive $23,170.99. An agreement identical to Plaintiffs' contractual agreement with their current counsel that counsel will retain 25% of Plaintiffs' liquidated damages recovery has

previously been approved as fair and reasonable by Judge Duffey in *Benton et al. v. A-Tow, Inc. et al.*, 1:15-cv-1257-WSD, Dkt. 22, 24 (N.D. Ga.).

The hourly rates of Plaintiffs' current counsel are reasonable given their experience, as attested to in their attached declarations. **Exhibit 2** and **Exhibit 3** (Declaration of Matthew W. Herrington). Furthermore, none of the hours expended by Plaintiffs' current counsel have been "excessive", "redundant" or "unnecessary," and the work they were required to do after being retained was lessened as a result of Matthew Herrington's participation as counsel for Plaintiffs in the Collective Action before moving to his current firm. At every opportunity, Plaintiffs' attorneys attempted to economize and to minimize legal fees and expenses.

## III.   CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court approve the parties' settlement as a fair and reasonable disposition of the claims and defenses asserted in this Action; and approve the releases, payment of attorneys' fees and costs, itemized monetary distribution to Plaintiffs, and other terms as set forth in the Settlement Agreement, and dismiss Plaintiffs' claims with prejudice, by entering the proposed Order Granting this Joint Motion to Approve Settlement submitted contemporaneously herewith. The parties further request that this Court retain jurisdiction over this matter to enforce the terms of the settlement.

Respectfully submitted this 5th day of April, 2016.

*s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888
DeLong, Caldwell, Bridgers,
Fitzpatrick & Benjamin, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
Tel: (404) 979-3171
Fax: (404) 979-3170
Email: benjamin@dcbflegal.com

*Attorneys for Plaintiffs*

*s/ Gregory R. Fidlon*
Gregory R. Fidlon
Georgia Bar No. 259317
Law Offices of Gregory R. Fidlon, P.C.
Northpark Town Center
1200 Abernathy Road
Bldg. 600, Suite 1700
Atlanta, GA 30328
Tel: (770) 807-0083
Fax: (770) 807-0460
Email: greg@fidlonlegal.com

*Attorneys for Defendants*

## FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the font requirements of L.R. 5.1B because the document has been prepared in Times New Roman, 14 point.

*s/ Gregory R. Fidlon*
Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NICOLE RAWLEY and ANNA KRANOVA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No.: 1:15-CV-03550-AT |
| TATTLE TAIL, INC. d/b/a Tattletale Lounge, a corporation; and DENIS KAUFMAN and RICHARD R. SCHRONCE, individuals, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 5th day of April, 2016 electronically filed this

JOINT MOTION TO APPROVE SETTLEMENT with the Clerk of Court using the

CM/ECF system, which will send electronic notification to all participating

attorneys of record.

*/s/* Gregory R. Fidlon
Counsel for Defendants

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between **NICOLE RAWLEY** and **ANNA KRANOVA** (collectively "Plaintiffs") and Defendants **TATTLE TAIL, INC. d/b/a Tattletale Lounge** ("Tattletale"), **DENIS KAUFMAN,** and **RICHARD R. SCHRONCE** (collectively "Defendants"). Defendants and Plaintiffs do hereby agree to do all things necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Tattletale of the consideration expressed herein subject to the terms, conditions, and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims of failure to pay compensation for work performed for Defendants by Plaintiffs; (c) the release and dismissal with prejudice of all claims which were or could have been asserted by Plaintiffs against Defendants; and (d) other valuable monetary and non-monetary consideration as set forth herein.

## I. COVENANTS AND DISCLOSURES

**A.**   **Covenant to Cooperate:** The parties shall cooperate with each other to prepare and file a mutually-agreeable consent motion seeking the court's approval of this Agreement within ten (10) days of the final execution of this Agreement by the parties. This executed Agreement shall be Exhibit 1 to the parties' Consent Motion for Settlement Approval.

**B.**   **Disclosure as to Adequacy and Fairness of Settlement:** Prior to reaching this Agreement, counsel for the parties calculated both Plaintiff's alleged damages for back wages and liquidated damages based upon relevant available information, as well as information exchanged between the parties, and based on the parties' informed estimates and knowledge of the matters at hand. The parties and their respective counsel believe that this Agreement constitutes a fair and reasonable compromise of disputed claims and enter into this Agreement voluntarily and knowingly after analyzing the risks of continued litigation and their likelihood of success on the

merits and negotiating its material terms at arms-length between counsel for the parties. The payments to Plaintiffs as set forth in this Agreement constitute valid consideration for their return promises, releases, and obligations provided in this Agreement. Plaintiffs acknowledge that, with the payments stated in this Agreement, they have been fully compensated by Defendants for all unpaid wages, including unpaid overtime wages, fees, liquidated damages, attorney's fees and any other damages allegedly owed by Defendants, and that no other form of compensation or other damage of any kind is owed to them by Defendants. Plaintiffs further acknowledge that they are receiving adequate consideration for their full release of claims in this Agreement and that such consideration, but for this Agreement, would not otherwise be owed to them. In reaching this Agreement, Plaintiffs acknowledge and appreciate the expense and length of continued proceedings necessary to prosecute this matter through trial and appeals, have taken into account the uncertain outcome and risk of continued litigation, as well as the difficulties, delays, and risks of collection inherent in such litigation. The parties believe that this Agreement confers substantial benefits upon the Plaintiffs.

      **C.**     **No Re-Application/Re-Employment:** Plaintiffs agree to neither re-apply, nor seek re-employment with Tattletale at any time in the future.

## II. SETTLEMENT APPROVAL PROCEDURE

This Agreement will become final and effective upon occurrence of all of the following events:

      **A.**     Full execution of the Agreement by the parties;

      **B.**     Submission of this Agreement to the Court for approval by means of a Consent Motion for Settlement Approval; and

      **C.**     Entry of an Order by the Court granting approval of this Agreement.

### III.  **SETTLEMENT PAYMENTS**

**A.**     The Settling Parties have agreed that Tattletale shall pay Plaintiffs the total amount of Eighty-One Thousand Two Hundred Fifty Dollars and No Cents ($81,250.00) to be allocated as follows:

| | |
|---|---|
| Nicole Rawley | $16,842.00 |
| Nicole Rawley – Liquidated Damages | $16,842.00 |
| Anna Kranova | $11,346.00 |
| Anna Kranova – Liquidated Damages | $11,346.00 |
| Mitchell D. Benjamin LLC | $16,124.00 |
| Smith and Collins, Attorneys LLC | $8,750.00 |
| **Total Settlement Amount:** | **$81,250.00** |

**B.**     The total settlement amount identified immediately above shall be payable by Tattletale, as follows:

1.     Twenty-Five Thousand Dollars ($25,000.00) within five (5) business days of the Entry of the Court's Order granting approval of this Agreement, consisting of the following checks:

(a)     A check for Nine Thousand Sixty-Eight Dollars and Seventy-Seven Cents ($9,068.77) payable to Nicole Rawley;

(b)     A check for Six Thousand One Hundred Nine Dollars and Thirty-Eight Cents ($6,109.38) payable to Anna Kranova;

(c)     A check for Seven Thousand One Hundred Twenty-Nine Dollars and Fifty-Four Cents ($7,129.54) payable to Mitchell D. Benjamin LLC; and

(d)     A check for Two Thousand Six Hundred Ninety-Two Dollars and Thirty-One Cents ($2,692.31) payable to Smith and Collins, Attorneys LLC

2.     Three Thousand Seven Hundred Fifty Dollars and No Cents ($3,750.00) per month for fifteen (15) consecutive months beginning on the fifteenth (15th) day of the first month following the month in which the payment identified in Section III.B.1 is made, consisting of the following checks:

(a)     A check for One Thousand Three Hundred Sixty Dollars and Thirty-One Cents ($1,360.31) payable to Nicole Rawley;

(b)     A check for Nine Hundred Sixteen Dollars and Forty-One Cents ($916.41) payable to Anna Kranova;

(c)     A check for One Thousand Sixty-Nine Dollars and Forty-Three Cents ($1,069.43) payable to Mitchell D. Benjamin LLC; and

(d)     A check for Four Hundred Three Dollars and Eighty-Five Cents ($403.85) payable to Smith and Collins, Attorneys LLC

**C.**     In the event Tattletale does not make any of its scheduled payments as described above within a five (5) day grace period following the due date, and does not cure the deficiency within five (5) days of Defendants' counsel receiving written notice of the deficiency from Plaintiffs' counsel, Defendants shall be in default and all amounts then due and owing pursuant to this Agreement shall be accelerated regardless of the payment schedule.  In such case, Plaintiffs shall be immediately entitled to submit a Consent Judgment in the form attached as Exhibit "A" in the amount of the remaining principal without further action by the trial court.

**D.**     The settlement payments to Nicole Rawley, Anna Kranova and Mitchell D. Benjamin LLC shall be sent to DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC, 3100 Centennial Tower, 101 Marietta Street NW, Atlanta, GA 30303 (Attn: Matthew Herrington, Esq.).  The settlement payments to Smith and Collins, Attorneys LLC shall be sent to: Smith and Collins, Attorneys LLC, 8565 Dunwoody Place, Building 15, Suite B, Atlanta, Georgia 30350

(Attn: Anthony Collins, Esq.).   A Form 1099 shall be issued by Tattletale to Plaintiffs' counsel,

Mitchell D. Benjamin LLC (EIN: 47-3366577), and former counsel, Smith and Collins,

Attorneys LLC (EIN: 45-4484154), for their share of the settlement payments made pursuant to

this Agreement.  Tattletale shall issue a Form 1099 indicating income in Box 3 to each of the

Plaintiffs for their share of the settlement payments.  Per Plaintiffs' retainer agreement with

counsel, Mitchell D. Benjamin LLC will be receiving twenty-five percent (25%) of the

liquidated damages allocated to Plaintiffs, as additional attorneys' fees.  Accordingly, the

following total amounts will be reported on the Form 1099s (combined for 2016 and 2017):

| | |
|---|---|
| Nicole Rawley | $29,473.42 |
| Anna Kranova | $19,855.53 |
| Mitchell D. Benjamin LLC | $23,170.99 |
| Smith and Collins, Attorneys LLC | $8,750.06 |
| **Total Settlement Amount:** | **$81,250.00** |

**E.**      Plaintiffs and Plaintiffs' counsel are solely responsible for the payment of their

respective tax liabilities, obligations or consequences that are or may become due and payable in

connection with the settlement payments made pursuant to this Agreement.  Each Plaintiff agrees

to indemnify and hold harmless the Releasees (as that term is defined in Section V) against any

taxes, interest, penalties and other liabilities imposed on them as a result of a failure to pay or

withhold any payroll taxes or other amounts from the settlement payments for that Plaintiff.

Plaintiffs and Plaintiffs' counsel acknowledge that Defendants make no representations or

warranties concerning the potential tax obligations, liabilities or consequences associated with

any portion of the settlement payments.

**F.**      Within one (1) business day following receipt of the payment identified in Section

III.B.1, Plaintiffs' counsel will cause to be filed with the Court a Stipulation of Dismissal with

Prejudice of the civil action it filed on behalf of the Plaintiffs and against Defendants in the U.S.

District Court for the Northern District of Georgia, *Nicole Rawley and Anna Kranova v. Tattle Tail, Inc., et al.*, Civil Action No.: 1:15-cv-03550-AT (the "Action").

## IV. <u>EFFECT OF NON-APPROVAL</u>

In the event that any of the conditions specified in Section II of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement shall be null and void. In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

## V. <u>RELEASE BY PLAINTIFFS</u>

In exchange for the considerations recited in this Agreement, Plaintiffs hereby agree to dismiss with prejudice the Action and not to re-file the same and to forever release, acquit, discharge, and covenant not to sue Tattletale, Denis G. Kaufman and Richard R. Schronce and all of their past, present, and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, attorneys, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies (collectively, "Releasees") for: (a) the alleged failure to pay for work performed by Plaintiffs for Releasees at Tattletale lounge; (b) the alleged violation of the Fair Labor Standards Act or any state wage and hour law arising from Plaintiffs' employment with Releasees at Tattletale lounge; and (c) all claims which were or could have been brought against Releasees in the Action, including without limitation all state and federal claims for wages, penalties, interest, liquidated damages, and employment taxes, as well as claims for attorneys' fees, costs and expenses, regarding Plaintiffs' work at Tattletale lounge.

## VI.  REPRESENTATION BY COUNSEL

All of the parties acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed following receiving advice from their respective counsel.

## VII.  NO ADMISSION OF LIABILITY

The parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by Defendants.  This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by Defendants.  The parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the parties may have now or in the future with respect to any person or entity.  Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute, and therefore shall not be admissible for any purpose in any other proceeding, except to enforce this Agreement.

## VIII.  ATTORNEYS' FEES, COSTS, AND EXPENSES

The amounts to be paid by Tattletale as set forth in Section III above fully satisfy any and all claims for attorneys' fees, costs, and expenses, including any related litigation expenses, of the Plaintiffs.  Defendants have no responsibility for any other or additional fees, costs, or expenses of the Plaintiffs, who shall bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.  Defendants shall also bear their own costs and attorneys' fees.

## IX. **AUTHORITY AND REPRESENTATIONS OF PLAINTIFFS' COUNSEL**

Plaintiffs' counsel warrant and represent that they are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms. As a material inducement for Defendants to enter into this Agreement, Plaintiffs' counsel, DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC, and former counsel Smith and Collins, Attorneys LLC, on behalf of themselves and all of their lawyers, staff, and any other lawyer or law firm with which they are affiliated, hereby represent that they: (a) do not currently represent and are not currently aware of any other individual who is considering bringing or intends to bring any claim against the Releasees similar to those claims asserted in the Action; (b) are not actively seeking or encouraging any other individual to bring or assert such claims, and shall not do so in the future; (c) are not currently publicizing, either electronically (*e.g.*, through a firm-sponsored Website, mailing, or advertising materials, or on Facebook, Twitter or the like) or by any other means, and shall not publicize this Agreement, the terms of the Agreement, and/or the Action; (d) have not contacted any representative of the media (*e.g.*, press, TV, radio, Internet), and have not made any press release, public statement, or statement to any third party, concerning this Agreement, the terms of the Agreement, and shall not do so in the future; and (e) in the event that they are retained by another individual seeking legal representation in connection with a claim or claims similar to those that were asserted in the Action, they shall, subject to such individual's approval, notify counsel for Defendants so as to provide Defendants the opportunity to discuss the possible resolution of the matter prior to the filing of any claim or lawsuit.

## X. **MODIFICATION OF AGREEMENT**

This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Settling Parties and as approved by the Court.

## XI.  FURTHER COOPERATION

The Settling Parties and their respective attorneys shall proceed diligently to prepare and execute all documents to seek the necessary Court approval, and to do all things reasonably necessary to consummate the Agreement and settlement as expeditiously as possible.

## XII.  CONSTRUCTION AND INTERPRETATION

This Agreement constitutes the entire agreement and supersedes all prior agreements between the Settling Parties.  Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict its terms.  In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting it, or any specific term or condition thereof.  Georgia law shall govern the construction and interpretation of this Agreement.

## XIII.  COUNTERPARTS

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts (including counterparts which are copies, and which are sent by email, fax, or other method), each of which shall be deemed an original.  All counterparts of any such document together shall constitute one and the same instrument.

## XIV.  BINDING EFFECTS

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and past, present, and future divisions,

predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiffs.

**AGREED AND ACCEPTED BY:**

    **For Plaintiffs:**

Dated: _____    _____
                                           Nicole Rawley

Dated: 03/18/16 _____    _____
                                           Anna ~~Kronova~~ Kronova

DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC

Dated: _____    By:_____
                                           Counsel for Plaintiffs

SMITH AND COLLINS, ATTORNEYS LLC

Dated: _____    By:_____
                                           Former Counsel for Plaintiffs

**AND**

    **For Defendants:**

TATTLE TAIL INC.

Dated: _____    By:_____
                                           Denis G. Kaufman, CEO and CFO

Dated: _____    _____
                                           Denis G. Kaufman

Dated: _____    _____
                                           Richard R. Schronce

predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiffs.

**AGREED AND ACCEPTED BY:**

> **For Plaintiffs:**
>
> Dated: _MARCH 20, 2016_  ___Nicole Rawley___
> Nicole Rawley
>
> Dated: _____  _____
> Anna Kronova
>
> DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC
>
> Dated: _____  By:_____
>                               Counsel for Plaintiffs
>
> SMITH AND COLLINS, ATTORNEYS LLC
>
> Dated: _____  By:_____
>                               Former Counsel for Plaintiffs

**AND**

> **For Defendants:**
>
> TATTLE TAIL INC.
>
> Dated: _____  By:_____
>                               Denis G. Kaufman, CEO and CFO
>
> Dated: _____  _____
>                               Denis G. Kaufman
>
> Dated: _____  _____
>                               Richard R. Schronce

predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiffs.

**AGREED AND ACCEPTED BY:**

**For Plaintiffs:**

Dated: _____        _____

                                      Nicole Rawley

Dated: _____        _____

                                      Anna Kronova

                                      DELONG, CALDWELL, BRIDGERS,
                                      FITZPATRICK & BENJAMIN, LLC

Dated: _3/18/16_____        By: _____
                                         Counsel for Plaintiffs

                                      SMITH AND COLLINS, ATTORNEYS LLC

Dated: _____        By: _____
                                         Former Counsel for Plaintiffs

**AND**

**For Defendants:**

                                      TATTLE TAIL INC.

Dated: _____        By: _____
                                         Denis G. Kaufman, CEO and CFO

Dated: _____        _____

                                      Denis G. Kaufman

Dated: _____        _____

                                      Richard R. Schronce

predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiffs.

**AGREED AND ACCEPTED BY:**

**For Plaintiffs:**

Dated: _____     _____
                                       Nicole Rawley

Dated: _____     _____
                                       Anna Kronova

                                       DELONG,   CALDWELL,   BRIDGERS,
                                       FITZPATRICK & BENJAMIN, LLC

Dated: _____     By:_____
                                          Counsel for Plaintiffs

                                       SMITH AND COLLINS, ATTORNEYS LLC

Dated: _4 / 1 / 16_____        By: _~ - A~ L ~ J.~_____
                                          Former Counsel for Plaintiffs

**AND**

**For Defendants:**

                                       TATTLE TAIL INC.

Dated: _____     By:_____
                                          Denis G. Kaufman, CEO and CFO

Dated: _____     _____
                                       Denis G. Kaufman

Dated: _____     _____
                                       Richard R. Schronce

predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiffs.

**AGREED AND ACCEPTED BY:**

For Plaintiffs:

Dated: _____

_____
Nicole Rawley

Dated: _____

_____
Anna Kronova

DELONG,    CALDWELL,    BRIDGERS,
FITZPATRICK & BENJAMIN, LLC

Dated: __3/18/16__

By: _____
Counsel for Plaintiffs

SMITH AND COLLINS, ATTORNEYS LLC

Dated: _____

By: _____
Former Counsel for Plaintiffs

**AND**

For Defendants:

TATTLE TAIL INC.

Dated: __3/23/16__

By: _____
Denis G. Kaufman, CEO and CFO

Dated: __3/23/16__

_____
Denis G. Kaufman

Dated: _____

_____
Richard R. Schronce

10

predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiffs.

**AGREED AND ACCEPTED BY:**

    **For Plaintiffs:**

Dated: _____

_____
Nicole Rawley

Dated: 03/18/16

_____
Anna ~~Kronova~~ (K)
       Krenova
DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC

Dated: _____

By:_____
    Counsel for Plaintiffs

SMITH AND COLLINS, ATTORNEYS LLC

Dated: _____

By:_____
    Former Counsel for Plaintiffs

**AND**

    **For Defendants:**

TATTLE TAIL INC.

Dated: _____

By:_____
    Denis G. Kaufman, CEO and CFO

Dated: _____

_____
Denis G. Kaufman

Dated: 3-23-2016

_____
Richard R. Schronce

10

LAW OFFICES OF GREGORY R. FIDLON, P.C.

Dated: APRIL 5, 2016

By: _____
Counsel for Defendants

## EXHIBIT A
## CONSENT JUDGMENT

**WHEREAS**, the parties have jointly presented this Consent Judgment to the Court for entry; and

**WHEREAS,** after reviewing the pleadings it appears this Consent Judgment is proper and justified;

**IT IS HEREBY ORDERED AND ADJUDGED** that Defendants are liable to Plaintiffs and Plaintiffs' Counsel in the amount of _____Dollars.  Interest shall accrue as allowed by law.

SO ORDERED this ___ day of _____, 20__.


_____
Amy Totenberg
Judge, U.S. District Court, Northern District of Georgia

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NICOLE RAWLEY and ANNA
KRANOVA,

               Plaintiffs,

v.

TATTLE TAIL, INC. d/b/a Tattletale
Lounge, a corporation; and
DENIS KAUFMAN and RICHARD
R. SCHRONCE, individuals,

               Defendants.

Civil Action No.: 1:15-CV-03550-AT

## DECLARATION UNDER PENALTY OF PERJURY
## OF MITCHELL D. BENJAMIN

Pursuant to 28 U.S.C. §1746, Attorney Mitchell D. Benjamin hereby submits his declaration in support of the Parties' Joint Motion to Approve the Settlement Agreement in this FLSA Action.

1.

My name is Mitchell D. Benjamin. I am over the age of twenty-one (21) and suffer from no legal disabilities.

1

2.

Since June 27, 2015, I, along with Charles R. Bridgers and associate Matthew W. Herrington, have represented the Plaintiffs in this action.

3.

Based on my experience and training, I possess the requisite skills to adequately represent my client and to offer my professional opinion concerning the reasonableness of the number of hours expended in this case and the reasonableness of the hourly rates sought to be recovered $400 per hour for Mitchell D. Benjamin and Charles R. Bridgers and $275 per hour for associate Matthew W. Herrington.

**Mr. Benjamin's Relevant Experience**

4.

I graduated with from the State University of New York at Stony Brook in 1989, where I was a member of *Pi Sigma Alpha,* the National Political Science Honor Society. Thereafter, I attended Yeshiva University's Benjamin N. Cardozo School of Law in New York City, graduating *Cum Laude* in 1993. I have been a member of the New York State bar since February, 1994 and member of the Georgia State bar since December, 1996 and am a member in good standing with both. I have an AV rating from Martindale-Hubbell. Immediately after my graduation from Yeshiva University in 1993 through approximately May, 1996, I was an associate

attorney employed by the firm of Coles & Weiner, P.C., a labor and civil rights litigation firm in New York. Between approximately May, 1996 and December, 1996, I was a sole practitioner in New York City, handling various litigation matters, including employment discrimination and overtime matters. In December, 1996, I relocated to Georgia. From June, 1997 until December, 2000, I was an associate attorney employed by the firm of Kirwan, Parks, Chesin & Miller, P.C. During my tenure at that firm, the firm changed its name to Parks, Chesin & Miller, P.C. and to Parks, Chesin, Walbert & Miller, P.C. While with this firm, I, with very few exceptions, exclusively represented employees in civil rights and labor and employment matters, including FLSA collective actions. From December, 2000 through December, 2008, I was managing partner of the law firm of Johnson & Benjamin LLP. In January, 2009, I formed Billips & Benjamin LLP, in which I served as managing partner. As managing partner in the firms, I have supervised the work of other attorneys, paralegals and secretaries and continued to work extensively in the labor and employment field. In June, 2015, I joined the firm of DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin LLC as a partner. I was also elected to the Board of Directors for the Georgia chapter of the National Employment Lawyers Association (NELA-GA) in 2004 and was elected as treasurer in 2005 and again in 2006. I was also the Program Chair for the 2005 ICLE Employment Rights Seminar

and have been a guest on television's "Layman's Lawyer" on PBS. I have an AV rating in the Martindale-Hubbell Law Directory.

5.

During my career, I have on several occasions represented hundreds of employees in collective actions under the FLSA, including Eddie Fields, et al. v. Gwinnett County Georgia, (over 400 fire fighters who challenged the applicability of the partial exemption for firefighters provided in 29 U.S.C. § 207(k) due to the fact that most of the work they performed, including most of the time spent working, were as paramedics and EMTs, rather than as firefighters), Prickett v. DeKalb County, Georgia, 254 F.3d 74 (11th Cir. 2001)(over 400 firefighters) and represented over 600 police officers in Michael Scott Kreher, et al. v. City of Atlanta, U.S. District Court, Northern District of Georgia, Atlanta Division, Civil File Action No. 1:04-CV-2651-WSD resulting in a settlement of $7,500,000. In 2010, I represented over 260 plaintiffs in an FLSA collective action which resulted in an approved settlement of over $600,000 in U.S. District Court, Northern District of Georgia, Atlanta Division, Lynley Edward, et al. v. Mattress Giant Corporation, Civil Action File No. 1:10-CV-1735-HLM-WEJ. In 2010, I represented 11 Fire Inspectors (Arson Investigators) in this Court against the City of Atlanta in J.D. Phillips v. City of Atlanta, 1:10-CV-2427-WEJ. That case resulted in a settlement of over $271,000

and a reclassification of the arson investigators such that they receive overtime pay based on a forty hour workweek instead of 212 hours over a 28 day work period. In 2014, I represented 36 warehouse workers who alleged they were misclassified as independent contractors in <u>Jamaal Foster, et al. v. A-1 Quality Labor Services, LLC</u>, U.S. District Court, Northern District of Georgia, Atlanta Division, Civil Action File No. 1:11-CV-3342-JEC. That case resulted in a settlement of $400,000. In 2013 and 2014 I represented 13 Fire Lieutenants and 2 Battalion Chiefs against the City of East Point who alleged that they were misclassified as exempt. That settlement resulted in significant back pay and an agreement to reclassify the Lieutenants and Battalion Chiefs as non-exempt going forward. <u>Brandon Ervin, et al. v. City of East Point, Georgia</u>, U.S. District Court, Northern District of Georgia, Atlanta Division, Civil Action File No. 1:12-CV-04270-CAP. In 2014, I represented nine servers at a restaurant who alleged that they were improperly denied minimum and overtime wages under the "tip-credit" provisions of the FLSA. That case resulted in a settlement of over $141,000. <u>Amy Anderson, et al. v. RMG Corporation, et al.</u>, U.S. District Court, Northern District of Georgia, Atlanta Division, Civil Action No. 1:14-CV-01551-AT. Other representative settlements and judgments include: <u>Kirk Butler, et al. v. State Security & Investigations, LLC</u>, Cobb County Superior Court, Civil Action File No. 07-1-10805-35 (judgment for over $225,000 for five security

5

guards); <u>David Meador v. Jim Carrie Lane, Inc.</u>, Newton County Superior Court, Civil Action File No. 2009-1299-3 (judgment for over $66,000 for a cook); <u>Cecile Ortiz v. TK Atlanta LLC et al.</u>, Fulton County Superior Court, Civil Action File No. 2014-cv-251074 (judgment for $8,975 for restaurant server in October, 2015); <u>Charlie Bickley, et el. v. J. Scott Memorials, LLC, et al.</u>, U.S. District Court, Middle District of Georgia, Macon Division, 5:15-cv-00209-CAR (Settlement of $29,907.39 for two laborers). The <u>Butler</u> Court awarded me fees at the rate of $310.00 per hour in October, 2008; the <u>Meador</u> Court awarded fees to me based on a $350.00 per hour rate in July, 2009; the <u>Edwards</u> court approved my then rate of $350 per hour in 2012, and the <u>Foster</u>, <u>Ervin</u>, <u>Anderson</u>, <u>Ortiz</u> and Bickley Courts approved my rate of $375 per hour in 2014 and 2015. My hourly rate of $375 was also approved in October, 2015 by the Superior Court of Floyd County, Georgia in approving the FLSA settlement in <u>Treva Evans v. Shrinathji-Krupa, Inc. et al.</u>, 14-CV-01910-JFL-003. In short, during the 22 years I have been in the private practice of law, I have represented over 1600 plaintiffs in collective and individual actions under the FLSA and FLSA work constitutes over 90% of my practice.

6.

During my 22 years as an attorney, I have participated in hundreds of federal employment/labor charges and cases and have been lead counsel in a large number

of cases. In November, 2013, a jury awarded our client over $2,600,000 in a single plaintiff race discrimination and FLSA retaliation case in <u>Michael Cooper v. M&S Auto Parts of Fayetteville, Inc. et al.</u>, Civil File Action No. 10-CV-0849A in Henry County Superior Court and found my hourly rate of $375 per hour to be reasonable. In August, 2013, a jury awarded our five clients contractually owed severance pay and attorneys' fees and costs of approximately $500,000 in <u>Dr. Johnny Wilson, et al. v. Clark Atlanta University, Inc.</u>, Civil File Action No. 2011-CV-196090. Based on my extensive experience in litigating civil rights and labor and employment claims, I am familiar with the hourly rates charged by other civil rights and labor and employment attorneys, including attorneys who represent primarily plaintiffs and attorneys who represent primarily employers.

### The Work Performed By Plaintiffs' Counsel On This Case

7.

From inception, I was lead counsel on this case. However, Mr. Herrington, under my supervision, performed the vast majority of the work on this case. My role was to assist Mr. Herrington in developing an overall litigation strategy. I also took the lead role in settlement negotiations.

8.

Attached hereto as Exhibit "A", is a detailed listing and summary of the legal services performed by the attorneys at my firm on this matter. The hours set forth in the attached itemizations are accurate, were reasonably and necessarily devoted to the case, and reflect no duplication of effort. This compilation is based upon my contemporaneously made time records and those of associate Matthew W. Herrington. Mr. Herrington's hourly rate is $275 per hour, which was the amount we charge for his services for hourly clients as well. As a Partner in this firm, I review Mr. Herrington's timesheets on a monthly basis for accuracy and reasonableness and have done so with respect to his time on this case. I also supervised his work on this case. In the course of representing the Plaintiffs, my firm spent more than a combined 65 hours litigating the case as of April 1, 2016. These charges are reflected on Exhibit "A" and total $22,008.50 for the work performed by DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin LLC. However, total fees and costs to be paid pursuant to the Settlement Agreement is $31,921.05, of which $8,750.06 will be paid to the firm of Smith, Collins & Fletcher, P.A, to compensate them for the work performed on Plaintiffs' behalf in the earlier litigation of Farnesworth et al. v. Tattle Tail, Inc., et al., Civil Action File No. 1:14-CV-00090-AT, more fully described below.

## The Settlement Should Be Approved As Fair

9.

This Court should approve the settlement agreement as fair for several reasons. First, the amount Plaintiffs will receive is a significant amount of back wages and liquidated damages, and is in the range of possible recoveries at trial. The Court will recall that Plaintiffs were part of an FLSA collective action against these same defendants entitled <u>Nicole Rawley, et al. v. Tattle Tail, Inc., et al.</u>, Civil Action File No. 1:14-CV-00090-AT. However, Plaintiffs Rawley and Anna Kranova were dissatisfied with the proposed settlement in that action and, with this Court's permission, "opted-out" of that case to pursue their own claims in this action. The proposed settlement in the earlier case would have paid Ms. Rawley $10,642.69 and Ms. Kranova $7,469.08. After Ms. Rawley and Ms. Kranova "opted-out" of that case, this Court approved the settlement on behalf of the other plaintiffs on September 25, 2015 (Dkt. No. 65). The current proposed settlement, if approved, will pay Ms. Rawley $29,473.42 and will pay Ms. Kranova $19,855.53. The proposed settlement will pay these Plaintiffs almost 300% more than the previous settlement would have paid them. It is clearly an excellent settlement which should be approved as fair and reasonable. Half of the total amount of the settlement proceeds to each Plaintiff will represent wages for which a W-2 Form will be issued

and half will represent liquidated damages for which a 1099 Form will be issued. Further, each and every plaintiff has agreed to the settlement and their individual settlement amounts and has signed the Settlement Agreement.

10.

Plaintiffs' claims involve being misclassified as independent contractors who were paid no wages at all for all hours worked. For this reason, the credibility of the witnesses is very important and likely would determine whether the Plaintiffs would be awarded pay for each and every alleged unpaid work hour each week. The accuracy of time records of Defendant were disputed by Plaintiffs. This dispute made an evaluation of the risks of trial particularly difficult. Plaintiffs have been made aware of the risks and wholeheartedly agree to and approve of this proposed settlement. In my opinion, this is a good and fair settlement which provides substantial benefit to the plaintiffs and should be approved as a fair and reasonable compromise of bona fide disputed FLSA claims.

**The Fees And Costs Sought By Plaintiffs' Counsel Are Fair And Reasonable**

11.

Consistent with the "lodestar" framework for analyzing attorney's fees claims mandated in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 103 S.Ct 1933, 76 L.Ed.2d 40 (1983), as interpreted in <u>Norman v. Housing Authority of the City of Montgomery</u>,

836 F.2d 1292 (11th Cir. 1988) and <u>Perkins v. Mobile Housing Bd.</u>, 847 F.2d 735 (11th Cir. 1988), the following information is intended to establish the reasonableness of the number of hours expended in this case, as well as the reasonableness of my hourly rate in light of the prevailing market conditions in the Atlanta, Georgia geographical area.

12.

As demonstrated in attachments to this declaration, none of the hours expended by counsel has been "excessive", "redundant" or "unnecessary". To the contrary, at every opportunity, Plaintiffs' attorneys attempted to economize and to minimize legal fees and expenses.

13.

In light of the factors specified in <u>Johnson v. Georgia Highway Express,</u> 488 F.2d 714 (5th Cir 1974), the total fee and costs of $31,921.05 (including fees and costs of $8,750.06 to the firm of Smith, Collins & Fletcher, P.A, to compensate them for the work performed on Plaintiffs' behalf in the earlier litigation) which will be paid to Plaintiffs' counsel pursuant to the settlement agreement is eminently reasonable, especially since the actual fees and costs incurred by my firm exceed $22,000 and we will receive $23,170.99 over many months.

14.

My hourly rate of $400.00 per hour is reasonable and in line with the rates charged by other attorneys in the Atlanta area who possess similar skill, experience and training. I charge all of my clients $400.00 per hour (with the exception of firefighter unions which I charge less), whether paid hourly or on a contingency fee basis and have done so since January, 2016. I had charged $375.00 per hour from 2013-2015. This rate ($375) was also found reasonable in the Court's approval of the settlement in Jamaal Foster, et al. v. A-1 Quality Labor Services LLC, et al., 1:11-CV-03342-JEC (Docket No. 90, expressly finding my $375 hourly rate as reasonable in April, 2014, p. 10); Amy Anderson, et al. v. RMG Corporation, et al, 1:14-CV-01551-AT (Docket No. 17, approving $375 hourly rate specified in Docket No. 16); Brandon Ervin, et al. v. City of East Point, Georgia, 1:12-cv-04270-CAP (Docket No. 80, approving $375 hourly rate requested in Docket No. 67-3); Treva Evans v. Shrinathji-Krupa, Inc. et al., 14-CV-01910-JFL-003 (approved October, 2015); Cecile Ortiz v. TK Atlanta LLC et al., 2014-cv-251074 (approved October, 2015). As noted above, in 2013, a jury also found my rate of $375.00 per hour to be reasonable, and as long ago as July, 2009, a court has found my $350.00 per hour rate to be reasonable for FLSA work.

15.

Based upon all of the above, this Court should approve the settlement agreement as a fair and reasonable compromise of bona fide disputed FLSA claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of April, 2016.

_____
Mitchell D. Benjamin

# EXHIBIT A

---

## Selection Criteria

| Clie.Selection | Include: TattleT_Rawley |
| --- | --- |
| Slip.Classification | Open |

---

Rate Info - identifies rate source and level

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
| --- | --- | --- | --- | --- |
| 99584    TIME<br>6/27/2015<br>WIP<br>Call with Rawley to discuss retainer and settlement potential | M. Herrington<br>ClientComm<br>TattleT_Rawley | 0.82<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 224.58 |
| 99666    TIME<br>6/29/2015<br>WIP<br>discussion with CRB and MDB re: contacting Anthony Collins. Phone call with Anna Kranova | M. Herrington<br>Misc<br>TattleT_Rawley | 0.33<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 91.67 |
| 99671    TIME<br>6/29/2015<br>WIP<br>Conference with Herrington and Benjamin re statutus of NIcole Rawley and Anna Kranova. | C.R. Bridgers<br>Misc<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 200.00 |
| 99672    TIME<br>6/30/2015<br>WIP<br>Followup with Benjamin, Herrington re next actions, set up client in t.slips. | C.R. Bridgers<br>Misc<br>TattleT_Rawley | 0.30<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 120.00 |
| 99678    TIME<br>6/27/2015<br>WIP<br>Calls with Kranova and Rawley to discuss letter to Anthony Collins | M. Herrington<br>ClientComm<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 55.00 |
| 99728    TIME<br>6/30/2015<br>WIP<br>drafting letter to WAC; emails with CRB; reviewing old emails | M. Herrington<br>Misc<br>TattleT_Rawley | 0.30<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 82.50 |
| 99765    TIME    4:34 PM<br>7/3/2015<br>WIP<br>meeting with Rawley, intake | M. Herrington<br>Intake<br>TattleT_Rawley | 0.66<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 181.81 |

| Slip ID Dates and Time Posting Status Description | Timekeeper Activity Client Reference | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| 99773    TIME 7/6/2015 WIP discussion re: settlement strategy with MDB | M. Herrington Misc TattleT_Rawley | 0.50 0.00 0.00 0.00 | 275.00 T@1 | 137.50 |
| 99808    TIME 7/6/2015 WIP Meet with Benjamin re plan going forward. | C.R. Bridgers Misc TattleT_Rawley | 0.20 0.00 0.00 0.00 | 400.00 T | 80.00 |
| 99932    TIME 7/8/2015  3:59 PM WIP Kranova Intake w/ MDB | M. Herrington Intake TattleT_Rawley | 1.55 0.00 0.00 0.00 | 275.00 T@1 | 425.94 |
| 100215    TIME 6/29/2015 WIP Meet with Herrington and Bridgers re: possible representation of plaintiffs. | M. Benjamin ClientComm TattleT_Rawley | 0.50 0.00 0.00 0.00 | 400.00 T@1 | 200.00 |
| 100222    TIME 7/1/2015 WIP Review draft of letter from Herrington to Anthony Collins. | M. Benjamin Misc TattleT_Rawley | 0.10 0.00 0.00 0.00 | 400.00 T@1 | 40.00 |
| 100223    TIME 7/2/2015 WIP Telephone conference with Anthony Collins. | M. Benjamin Misc TattleT_Rawley | 0.35 0.00 0.00 0.00 | 400.00 T@1 | 140.00 |
| 100224    TIME 7/6/2015 WIP Meet with Herrington to discuss case and meeting with Anna Kranova and settlement strategy. | M. Benjamin Conferral TattleT_Rawley | 0.50 0.00 0.00 0.00 | 400.00 T@1 | 200.00 |
| 100225    TIME 7/6/2015 WIP Meet with Bridgers to discuss case and meeting with Anna Kranova and settlement strategy. | M. Benjamin Conferral TattleT_Rawley | 0.20 0.00 0.00 0.00 | 400.00 T@1 | 80.00 |
| 100226    TIME 7/8/2015 WIP Meet with Herrington and Anna Kranova. | M. Benjamin ClientComm TattleT_Rawley | 0.83 0.00 0.00 0.00 | 400.00 T@1 | 333.33 |
| 100227    TIME 7/9/2015 WIP | M. Benjamin Conferral TattleT_Rawley | 0.20 0.00 0.00 | 400.00 T@1 | 80.00 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| Meet with Herrington re: letter to Collins and Greg Fidlon. | | 0.00 | | |
| 100285          TIME<br>7/15/2015<br>WIP<br>Review letter to Anthony re clietns and suggestion for resolution. | C.R. Bridgers<br>Misc<br>TattleT_Rawley | 0.10<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 40.00 |
| 100319          TIME<br>7/16/2015<br>WIP<br>discussion with MDB re: communication with OC and withdrawal of clients from collective | M. Herrington<br>Misc<br>TattleT_Rawley | 0.40<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 110.00 |
| 100325          TIME<br>7/15/2015<br>WIP<br>Review letter to Anthony re cllients and suggestion for resolution. | C.R. Bridgers<br>Misc<br>TattleT_Rawley | 0.10<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 40.00 |
| 100401          TIME<br>7/15/2015<br>WIP<br>Review and revise draft of letter to Collins and Fidlon; draft email to Herrington and Bridgers with revisions. | M. Benjamin<br>Misc<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 200.00 |
| 100402          TIME<br>7/16/2015<br>WIP<br>Meet with Herrington re: communications with opposing counsel | M. Benjamin<br>Misc<br>TattleT_Rawley | 0.40<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 160.00 |
| 100403          TIME<br>7/16/2015<br>WIP<br>Draft email to opposing counsel; discuss with Herrington. | M. Benjamin<br>Misc<br>TattleT_Rawley | 0.83<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 333.33 |
| 100409          TIME<br>7/17/2015<br>WIP<br>Review and revise draft of email to Fidlon as per Bridgers and Herrington. | M. Benjamin<br>Settlement<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 80.00 |
| 100412          TIME<br>7/17/2015<br>WIP<br>discussion with CRB and MDB re: phone conversation with OC | M. Herrington<br>Misc<br>TattleT_Rawley | 0.30<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 82.50 |

| Slip ID Dates and Time Posting Status Description | Timekeeper Activity Client Reference | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| 100415    TIME 7/17/2015 WIP Revise draft letter from Benjamin to Fidlon | C.R. Bridgers Misc TattleT_Rawley | 0.20 0.00 0.00 0.00 | 400.00 T | 80.00 |
| 100586    TIME 7/28/2015 WIP damages calculations; texts with clients; discussion with MDB; email to OC | M. Herrington Settlement TattleT_Rawley | 2.25 0.00 0.00 0.00 | 275.00 T@1 | 618.75 |
| 100591    TIME 7/28/2015 WIP Conf with M. Benjamin re response to Fidlon re tolling agreement. | C.R. Bridgers Conferral TattleT_Rawley | 0.10 0.00 0.00 0.00 | 400.00 T | 40.00 |
| 100613    TIME 7/29/2015    10:29 AM WIP calculating damages based on schedules; discussion with MDB re: discovery schedule and communication with OC; reviewing docket and discovery schedule; email to MDB | M. Herrington DamageEst TattleT_Rawley | 1.09 0.00 0.00 0.00 | 275.00 T@1 | 298.68 |
| 100698    TIME 7/29/2015 WIP Review draft email to Fidlon and respond x3 | C.R. Bridgers Misc TattleT_Rawley | 0.40 0.00 0.00 0.00 | 400.00 T | 160.00 |
| 100710    TIME 7/31/2015 WIP preparing and filing notices of appearance; discussion with MDB; emails to CRB and MDB | M. Herrington Misc TattleT_Rawley | 0.25 0.00 0.00 0.00 | 275.00 T@1 | 68.75 |
| 100753    TIME 7/17/2015 WIP Telephone conference with Greg Fidlon | M. Benjamin Conferral TattleT_Rawley | 0.40 0.00 0.00 0.00 | 400.00 T@1 | 160.00 |
| 100754    TIME 7/17/2015 WIP Meet with Bridgers and Herrington re: communications with Fidlon and strategy | M. Benjamin Conferral TattleT_Rawley | 0.50 0.00 0.00 0.00 | 400.00 T@1 | 200.00 |
| 100755    TIME 7/29/2015 WIP Review email from Greg Fidlon; review docket sheet entries 45, 46, 48 and 50; review JPRDS; | M. Benjamin Conferral TattleT_Rawley | 0.67 0.00 0.00 0.00 | 400.00 T@1 | 266.67 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| draft email to Herringtoin and Bridgers for review<br>before sending to Fidlon. | | | | |
| 100756     TIME<br>7/29/2015<br>WIP<br>Review email from Fidlon; draft response email. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.90<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 360.00 |
| 100757     TIME<br>7/29/2015<br>WIP<br>revise draft of email to Fidlon as per Herrington<br>and Bridgers. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 80.00 |
| 100758     TIME<br>7/30/2015<br>WIP<br>Research named plaintiff's right to object to<br>settlement in collective action. | M. Benjamin<br>Research-Legal<br>TattleT_Rawley | 2.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 1000.00 |
| 100759     TIME<br>7/30/2015<br>WIP<br>Send email to Andy Head seeking advice re:<br>objection to settlement. | M. Benjamin<br>Research-Legal<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 80.00 |
| 100760     TIME<br>7/31/2015<br>WIP<br>Discuss strategy with Bridgers. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 80.00 |
| 100874     TIME<br>8/3/2015<br>WIP<br>discussion with MDB; emails with clients; reviewing<br>time records and affidavits | M. Herrington<br>Misc<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 137.50 |
| 100897     TIME<br>8/3/2015<br>WIP<br>reviewing timesheets, calculating hours worked | M. Herrington<br>DamageEst<br>TattleT_Rawley | 2.00<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 550.00 |
| 100912     TIME<br>7/31/2015<br>WIP<br>Conference with M. Benjamin re strategy on<br>moving forward. | C.R. Bridgers<br>Misc<br>TattleT_Rawley | 0.23<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 92.00 |
| 100937     TIME     3:37 PM<br>8/4/2015<br>WIP<br>Conf with M. Benjamin re communication with | C.R. Bridgers<br>Settlement<br>TattleT_Rawley | 0.14<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 56.00 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| | | | | Rawley and status of settlement. |
| 100972<br>8/5/2015<br>WIP<br>call with OC re: dismissal; discussion with MDB | TIME<br><br>M. Herrington<br>Misc<br>TattleT_Rawley | 0.60<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 165.00 |
| 100976<br>8/5/2015<br>WIP<br>drafting stipulation of dismissal and withdrawal of<br>consent forms; emails to MDB and to clients | TIME<br><br>M. Herrington<br>Motions<br>TattleT_Rawley | 0.40<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 110.00 |
| 100978<br>8/5/2015<br>WIP<br>Conf with Benjamin, Herrington re call from Fidlon;<br>make call to Fidlon and leave vmm; Discuss<br>strategy re dismissal. | TIME<br><br>C.R. Bridgers<br>Misc<br>TattleT_Rawley | 0.30<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 120.00 |
| 100979<br>8/6/2015<br>WIP<br>Review dismissal draft by Herrington and comment. | TIME<br><br>C.R. Bridgers<br>Settlement<br>TattleT_Rawley | 0.10<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 40.00 |
| 100992<br>8/6/2015<br>WIP<br>drafting joint stipulation of dismissal, drafting tolling<br>agreement, emails with clients re: withdrawal of<br>consent | TIME<br><br>M. Herrington<br>Motions<br>TattleT_Rawley | 0.60<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 165.00 |
| 101066<br>8/10/2015<br>WIP<br>continue damages calculations based on<br>schedules; adding fees estimates; reviewing client<br>emails; email to MDB: discussion with MDB re:<br>damages and strategy | TIME<br>1:46 PM<br>M. Herrington<br>DamageEst<br>TattleT_Rawley | 2.98<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 819.27 |
| 101086<br>8/11/2015<br>WIP<br>emails to clients re: new damages estimates;<br>reviewing document production from club; email to<br>OC about production of additional documents | TIME<br>9:51 AM<br>M. Herrington<br>ClientComm<br>TattleT_Rawley | 0.21<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 57.67 |
| 101146<br>8/13/2015<br>WIP<br>call with OC re: damages calculation and<br>document production | TIME<br><br>M. Herrington<br>Settlement<br>TattleT_Rawley | 0.33<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 91.67 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| 101166       TIME<br>8/13/2015<br>WIP<br>email to OC; research on kickback law | M. Herrington<br>Conferral<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 55.00 |
| 101334       TIME<br>8/19/2015<br>WIP<br>discussion with MDB re: phone conference<br>tomorrow | M. Herrington<br>Misc<br>TattleT_Rawley | 0.10<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 27.50 |
| 101342       TIME<br>8/19/2015<br>WIP<br>discussing pending phone conference with DMB | M. Herrington<br>Misc<br>TattleT_Rawley | 0.30<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 82.50 |
| 101351       TIME<br>8/20/2015<br>WIP<br>phone conference with judge | M. Herrington<br>Misc<br>TattleT_Rawley | 0.25<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 68.75 |
| 101492       TIME<br>7/31/2015<br>WIP<br>Discuss settlement strategy and options with<br>Bridgers. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 80.00 |
| 101498       TIME<br>8/4/2015<br>WIP<br>Review email string from Rawley (.20); discuss<br>with Herrington and Bridgers usefullness of emails<br>for use in fairness hearing re: proposed settlement. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.58<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 233.33 |
| 101499       TIME<br>8/4/2015<br>WIP<br>Review signatures on settlement agreement and<br>amounts of settlement. Discuss with Bridgers | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.40<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 160.00 |
| 101500       TIME<br>8/5/2015<br>WIP<br>Review settlement for fairness and create<br>spreadsheet of recoveries. | M. Benjamin<br>Motions<br>TattleT_Rawley | 1.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 600.00 |
| 101501       TIME<br>8/5/2015<br>WIP<br>Telephone conference with opposing counsel Greg<br>Fidlon. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 200.00 |

| Slip ID / Dates and Time / Posting Status / Description | Timekeeper / Activity / Client / Reference | Units / DNB Time / Est. Time / Variance | Rate / Rate Info / Bill Status | Slip Value |
|---|---|---|---|---|
| 101502     TIME<br>8/6/2015<br>WIP<br>Review and revise draft of Dismissal without prejudice for Rawley. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.10<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 40.00 |
| 101503     TIME<br>8/6/2015<br>WIP<br>review and revise draft of tolling agreement for Rawley and Kranova; draft email to opposing counsel and co-counsel with draft. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 200.00 |
| 101504     TIME<br>8/7/2015<br>WIP<br>Review revised draft of tolling agreement from opposing counsel; draft email to opposing counsel. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.10<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 40.00 |
| 101505     TIME<br>8/19/2015<br>WIP<br>Telephone conference with opposing counsel. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.10<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 40.00 |
| 101506     TIME<br>8/19/2015<br>WIP<br>Meet with Herrington to prepare for conference call with court. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.35<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 140.00 |
| 101507     TIME<br>8/20/2015<br>WIP<br>Prepare for court conference on Stipulation of dismissal without prejudice; discuss with Herringtomn and Bridgers. | M. Benjamin<br>Court-Hearing<br>TattleT_Rawley | 1.00<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 400.00 |
| 101508     TIME<br>8/20/2015<br>WIP<br>Participate in court conference on Stipulation of dismissal without prejudice. | M. Benjamin<br>Court-Hearing<br>TattleT_Rawley | 0.35<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 140.00 |
| 101516     TIME<br>8/10/2015<br>WIP<br>Meet with Herrington re: damages calculations. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 200.00 |
| 102834     TIME    11:02 AM<br>10/6/2015<br>WIP<br>drafting rawley complaint; discussion with MDB; | M. Herrington<br>Compl_COIP_Ser<br>TattleT_Rawley | 1.52<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 418.76 |

| Slip ID Dates and Time Posting Status Description | Timekeeper Activity Client Reference | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| final revisions; preparing for filing | | | | |
| 102847          TIME 10/6/2015 WIP File Complaint, Summons(x2) and Civil Cover Sheet with Court | J. Sorrenti Compl_COIP_Ser TattleT_Rawley | 0.30 0.00 0.00 0.00 | 135.00 T@1 | 40.50 |
| 102911          TIME 10/7/2015 WIP Prepared COIP, finalized and filed with Court; prepared certified letter to IRS re 7434 claims; completed form 3949-A to IRS; processing | J. Sorrenti Compl_COIP_Ser TattleT_Rawley | 0.60 0.00 0.00 0.00 | 135.00 T@1 | 81.00 |
| 102996          TIME 10/6/2015 WIP review and revise draft of complaint; email revisions to Herrington. | M. Benjamin Compl_COIP_Ser TattleT_Rawley | 0.40 0.00 0.00 0.00 | 400.00 T@1 | 160.00 |
| 103049          EXP 10/6/2015 WIP Filing Fee | CRB-KDF $Filing Fee TattleT_Rawley | 1 | 400.00 | 400.00 |
| 103910          TIME 11/20/2015 WIP email to OC with settlement demand | M. Herrington Settlement TattleT_Rawley | 0.20 0.00 0.00 0.00 | 275.00 T@1 | 55.00 |
| 104384          TIME 11/18/2015 WIP Meet with Herrington re: damages. | M. Benjamin Conferral TattleT_Rawley | 0.40 0.00 0.00 0.00 | 400.00 T@1 | 160.00 |
| 104586          TIME 12/16/2015 WIP Prepare Notice of Suit and Waiver; efile to opposing counsel. | M. Sprayberry Misc TattleT_Rawley | 0.20 0.00 0.00 0.00 | 95.00 T@1 | 19.00 |
| 104767          TIME 12/28/2015 WIP discussion of D's counteroffer and our reply with MDB | M. Herrington Settlement TattleT_Rawley | 0.30 0.00 0.00 0.00 | 275.00 T@1 | 82.50 |
| 104837          TIME 12/30/2015 WIP drafting response to settlement offer from OC; | M. Herrington Settlement TattleT_Rawley | 6.00 0.00 0.00 0.00 | 275.00 T@1 | 1650.00 |

| Slip ID Dates and Time Posting Status Description | Timekeeper Activity Client Reference | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| reviewing OC offer; research; reviewing discovery documents re: shifts worked | | | | |
| 104838 1/3/2016 WIP finishing letter to OC; email to MDB | TIME M. Herrington Settlement TattleT_Rawley | 0.75 0.00 0.00 0.00 | 275.00 T@1 | 206.25 |
| 104847 1/4/2016 WIP reviewing MDB edits to settlement letter; email to OC | TIME 1:45 PM M. Herrington Settlement TattleT_Rawley | 0.22 0.00 0.00 0.00 | 275.00 T@1 | 61.34 |
| 105124 1/18/2016 WIP call with client re: offer from defendants | TIME M. Herrington ClientComm TattleT_Rawley | 0.20 0.00 0.00 0.00 | 275.00 T@1 | 55.00 |
| 105132 1/18/2016 WIP discussion with MDB re: settlement offer from D | TIME M. Herrington Settlement TattleT_Rawley | 0.17 0.00 0.00 0.00 | 275.00 T@1 | 45.83 |
| 105155 12/28/2015 WIP Meet with Herrington to discuss defendant's counter-offer of settlement and proper response. | TIME M. Benjamin Settlement TattleT_Rawley | 0.35 0.00 0.00 0.00 | 400.00 T@1 | 140.00 |
| 105156 12/30/2015 WIP Meet with Herrington to discuss settlement negotiations and damages calculations. | TIME M. Benjamin Settlement TattleT_Rawley | 0.40 0.00 0.00 0.00 | 400.00 T@1 | 160.00 |
| 105157 1/4/2016 WIP Review and revise draft of Herrington's letter to opposing counsel re: settlement; discuss with Herrington. | TIME M. Benjamin Settlement TattleT_Rawley | 1.40 0.00 0.00 0.00 | 400.00 T@1 | 560.00 |
| 105779 2/8/2016 WIP Conference with Benjamin re demand and response; Review email | TIME C.R. Bridgers Misc TattleT_Rawley | 0.20 0.00 0.00 0.00 | 400.00 T | 80.00 |
| 105807 2/9/2016 WIP | TIME 3:37 PM M. Herrington Settlement TattleT_Rawley | 1.79 0.00 0.00 | 275.00 T@1 | 492.94 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| call with OC; discussion with MDB re: settlement; drafting letter to OC; calls with clients | | 0.00 | | |
| 105815          TIME<br>2/9/2016<br>WIP<br>Conf with benjamin to prepare for call with Fidlon, opp counsel; Strategize on offer; F.up with Benjamin after call. | C.R. Bridgers<br>Settlement<br>TattleT_Rawley | 0.45<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 180.00 |
| 106162          TIME<br>2/5/2016<br>WIP<br>Review Plaintiffs' demand and defendants' counteroffer; draft email to Greg Fidlon rejecting offer. | M. Benjamin<br>Settlement<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 200.00 |
| 106163          TIME<br>2/9/2016<br>WIP<br>Meet with Bridgers and Herrington to discuss settlement offers and strateegy. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 80.00 |
| 106164          TIME<br>2/9/2016<br>WIP<br>Telephone conference with Greg Fidlon and Herrington re: settlement. | M. Benjamin<br>Settlement<br>TattleT_Rawley | 0.58<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 233.33 |
| 106165          TIME<br>2/9/2016<br>WIP<br>Meet with Herrington re: settlement. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 200.00 |
| 106166          TIME<br>2/9/2016<br>WIP<br>Meet with Bridgers re: settlement strategy. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.25<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 100.00 |
| 106167          TIME<br>2/22/2016<br>WIP<br>Review Defendants' counteroffer of settlement; draft response and discuss response with Herrington. | M. Benjamin<br>Settlement<br>TattleT_Rawley | 2.33<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 933.33 |
| 106168          TIME<br>2/22/2016<br>WIP<br>Telephone conference with Greg Fidlon re: settlement. | M. Benjamin<br>Settlement<br>TattleT_Rawley | 0.10<br>0.00<br>0.00<br>0.00 | 400.00<br>T@1 | 40.00 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| 106169      TIME<br>2/24/2016<br>WIP<br>Discuss settlement offer from Defendants with Herrington. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 80.00 |
| 106174      TIME<br>2/24/2016<br>WIP<br>calls with clients to approve new offer; discussion with MDB | M. Herrington<br>Settlement<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 55.00 |
| 106241      TIME<br>2/24/2016<br>WIP<br>Discuss settlement strategy with Benjamin; review various emails from opp counsel. | C.R. Bridgers<br>Settlement<br>TattleT_Rawley | 0.35<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 140.00 |
| 106255      TIME<br>2/25/2016   10:21 AM<br>WIP<br>reviewing settlement agreement; allocating settlement check amounts; calls/emails with clients; email to MDB/CRB ; discussion with MDB; email to OC | M. Herrington<br>Settlement<br>TattleT_Rawley | 1.18<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 323.28 |
| 106638      TIME<br>2/24/2016<br>WIP<br>Draft email to opposing counsel with counter-offer of settlement; discuss with Herrington. | M. Benjamin<br>Settlement<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 80.00 |
| 106792      TIME<br>3/18/2016<br>WIP<br>calls with clients to discuss settlement agreement | M. Herrington<br>Settlement<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 55.00 |
| 106853      TIME<br>3/22/2016<br>WIP<br>discussion with MDB re: affidavits and edits to motion to approve settlement; review of draft motion to approve settlement; further discussion with MDB re: need for affidavit from MWH | M. Herrington<br>Settlement<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 137.50 |
| 106890      TIME<br>3/24/2016   10:24 AM<br>WIP<br>revising motion to approve settlement; drafting affidavit; discussion with MDB; revising per MDB edits | M. Herrington<br>Settlement<br>TattleT_Rawley | 1.92<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 529.07 |

| Slip ID Dates and Time Posting Status Description | Timekeeper Activity Client Reference | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| 106952        TIME<br>3/28/2016<br>WIP<br>editing joint motion to approve settlement, adding Lynn's Food analysis and attorney's fees analysis | M. Herrington<br>Settlement<br>TattleT_Rawley | 2.00<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 550.00 |
| 106960        TIME<br>3/28/2016<br>WIP<br>Review and revise draft of Joint motion to approve FLSA Settlement; discuss with Herrington and Bridgers. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.50<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 200.00 |
| 107016        TIME<br>3/31/2016<br>WIP<br>Review proposed changes to joint motion to approve settlement from opposing counsel; draft email to Herrington re: same, as well as Anthony Collins refusal to respond to us. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.25<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 100.00 |
| 107019        TIME<br>3/31/2016<br>WIP<br>call with client re: case status; email to OC; discussion with MDB re: Collins signature, motion for settlement | M. Herrington<br>Settlement<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 55.00 |
| 107021        TIME<br>3/31/2016<br>WIP<br>Draft proposed email to send to Anthony Collins re: execution of Settlement Agreement. Send to Bridgers and Herrington for review and comment. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.25<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 100.00 |
| 107024        TIME<br>3/31/2016<br>WIP<br>Review and respond to emails from Herrington and Fidlon re: Collins' lack of signature on settlement agreement. | M. Benjamin<br>Conferral<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 80.00 |
| 107033        TIME<br>3/15/2016<br>WIP<br>emails with Collins firm re: W-9 and agreement terms; reviewing settlement agreement draft; email W-9 to OC; | M. Herrington<br>Settlement<br>TattleT_Rawley | 0.40<br>0.00<br>0.00<br>0.00 | 275.00<br>T@1 | 110.00 |
| 107034        TIME<br>4/1/2016<br>WIP | M. Herrington<br>Settlement<br>TattleT_Rawley | 0.40<br>0.00<br>0.00 | 275.00<br>T@1 | 110.00 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Timekeeper<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| emails with OC; communication with clients re:<br>settlement terms and execution | | 0.00 | | |
| 107036      TIME<br>4/1/2016<br>WIP<br>Review email string between Fidlon and Herrington<br>re: Collins' signing of agreement.  Draft email<br>response. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.17<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 66.67 |
| 107037      TIME<br>4/1/2016<br>WIP<br>Revise and finalize declaration in support of motion<br>to approve FLSA settlement. | M. Benjamin<br>Motions<br>TattleT_Rawley | 0.20<br>0.00<br>0.00<br>0.00 | 400.00<br>T | 80.00 |

| Grand Total | | | | |
|---|---|---|---|---|
| | Billable | 65.78 | | 22008.50 |
| | Unbillable | 0.00 | | 0.00 |
| | Total | 65.78 | | 22008.50 |

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NICOLE RAWLEY and ANNA KRANOVA,**<br><br>    **Plaintiffs,**<br><br>  **v.**<br><br>**TATTLE TAIL, INC. d/b/a Tattletale Lounge, a corporation; and DENIS KAUFMAN and RICHARD R. SCHRONCE, individuals,**<br><br>    **Defendants.** | Civil Action No.: 1:15-CV-03550-AT |

## DECLARATION OF MATTHEW W. HERRINGTON

Pursuant to 28 U.S.C. §1746, Attorney Matthew W. Herrington hereby submits his declaration in support of the Parties' Joint Motion to Approve the Settlement Agreement in this FLSA Action.

1.

My name is Matthew W. Herrington. I am over the age of twenty-one (21) and suffer from no legal disabilities.

2.

Since June 27, 2015, I, along with Charles R. Bridgers and Mitchell D. Benjamin, have represented the Plaintiffs in this action.

3.

Based on my experience and training, I possess the requisite skills to adequately represent my client and to offer my professional opinion concerning the reasonableness of the number of hours expended in this case and the reasonableness of the hourly rate of $275 per hour sought to be recovered for my work.

**Mr. Herrington's Relevant Experience**

4.

I graduated with from the Florida State University in 2004 with a Bachelor of Arts in Russian, with Honors in the Major, and having been named Outstanding Undergraduate in Slavic in three different years. Beginning in 2004, I attended the Harvard University Graduate School of Arts and Sciences as a Ph.D. candidate, and received a Master of Arts degree in Slavic Languages and Literatures in 2008. After spending one year (2009-2010) in Daegu, South Korea, as an English instructor, I attended the University of Georgia School of Law in Athens, Georgia, where I was a recipient of multiple merit scholarships, and graduated *cum laude* in

2013. I have been a member in good standing of the State Bar of Georgia since October 2013.

5.

During my time at the University of Georgia School of Law, I spent two semesters working in the Criminal Defense Clinic where I assisted attorneys in the Western District Public Defender's Office on felony criminal cases in the Athens-Clarke County Superior Court. I also spent one semester in the Capital Assistance Project, during which time I drafted a motion for new trial for a client convicted of murder and sentenced to death in Walton County, Georgia. Additionally, I worked for numerous Atlanta criminal attorneys throughout law school drafting motions and appellate briefs in both federal and state courts. By the time I was admitted to the State Bar of Georgia, I had briefed approximately 6 appeals, including a murder appeal to the Supreme Court of Georgia and three federal criminal appeals to the 5th and 11th Circuit U.S. Courts of Appeal.

6.

Immediately after my graduation from the University of Georgia School of Law in 2013, through approximately October 31, 2014, I was an associate attorney employed by the firm of Smith & Collins, LLC, a general practice law firm in Atlanta, Georgia, where my practice focused on Fair Labor Standards Act,

wrongful foreclosure, and general business litigation. Since November 1, 2014, I have worked at DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC (formerly DeLong, Caldwell, Bridgers & Fitzpatrick, LLC) as an associate attorney. There, my practice has been overwhelmingly focused on Fair Labor Standards Act litigation, as well as litigation involving the Family Medical Leave Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and other civil rights statutes. I am a member of the Georgia chapter of the National Employment Lawyers Association (NELA-GA).

7.

During my career I have represented more than 160 clients in FLSA individual and collective actions. Representative FLSA cases include Martin v. Jobo's, Inc. et al., 1:13-cv-4242-RWS (N.D. Ga.) (judgment for $67,483.10 plus $41,257.22 in attorney's fees and costs for bartender following successful bench trial); Dean v. 1715 Northside Drive, Inc. et al., 1:14-cv-3775-CAP (N.D. Ga.) (partial summary judgment granted to exotic dancer, settlement negotiations pending); Newell et al. v. IDK, Inc. et al., 1:14-cv-0219-TCB (N.D. Ga.) (confidential FLSA settlement on behalf of fifteen exotic dancers); Drews v. Jobo's, Inc. et al., 1:14-cv-3774-ODE (N.D. Ga.) (settlement for $66,694 plus $25,223.03 in attorney's fees and costs for bartender); Hart v. WBY, Inc. et al., 1:15-cv-67-AT (N.D. Ga.) (confidential FLSA

settlement for waitress approved by this Court); <u>Carter v. Doll House II, Inc. et al.</u>, Appeal No. 14-13132-AA (11th Cir.) (partial affirmance of trial court's denial of motion to compel arbitration); <u>Maxey v. Doll House II, Inc. et al.</u>, 1:15-cv-00053-MHS (N.D. Ga.) and <u>Carter v. Doll House II, Inc. et al.</u>, 1:14-cv-1097-MHS (N.D. Ga.) (confidential FLSA settlement of two related cases on behalf of seven exotic dancers); <u>Hensley et al. v. S.G.T., Inc. et al.</u>, 1:15-cv-77-RWS (N.D. Ga.) (confidential FLSA settlement of claims by two exotic dancers and one bartender); <u>Wynn v. International Follies, Inc. et al.</u>, 1:15-cv-3841-ELR (N.D. Ga.) (confidential FLSA settlement of claim by exotic dancer, approved by Court).

8.

I have previously appeared before this Court for two motion hearings and in one bench trial. I have also argued before the U.S. Court of Appeals for the Eleventh Circuit. I regularly participate in mediations and both take and defend depositions.

**Work Performed by Plaintiffs' Counsel on This Case**

9.

Under the supervision of Mitchell D. Benjamin, I have performed the vast majority of the work on this case, including legal research, examining evidence, calculating damages, conferring with opposing counsel, corresponding with Plaintiffs, and drafting pleadings and motions.

10.

The hours and tasks enumerated in Attachment "A" attached to the Declaration of

Mitchell D. Benjamin accurately reflect my work on this case, all of which was

reasonable and necessary, and reflect no duplication of effort. My time entries

were contemporaneously made by me.

11.

My hourly rate of $275.00 per hour is reasonable and in line with the rates charged

by other attorneys in the Atlanta area who possess similar skill, experience and

training. $275.00 per hour is the same rate that my firm bills my work at for hourly

clients. My firm previously billed my work at $235.00 per hour from October 2014

through December 2015.

**The Settlement Should Be Approved As Fair**

12.

This Court should approve the settlement agreement in this case as fair for several

reasons. First, the gross amount Plaintiffs will receive represents nearly all the

back wages and liquidated damages they could receive at trial (although the

number of hours used for the calculation is somewhat lower than what Plaintiffs

believe is accurate), and is in the range of possible recoveries at trial. The Court

will recall that Plaintiffs were part of an FLSA collective action against these same

defendants in an action captioned <u>Farnsworth et al. v. Tattle Tail, Inc., et al.</u>, Civil

Action File No. 1:14-CV-00090-AT. Plaintiffs Rawley and Kranova were

dissatisfied with the proposed settlement in that action and, with this Court's

permission, "opted-out" of that case to pursue their own claims in this action. The

proposed settlement in the earlier case would have paid Rawley $10,642.69 and

Kranova $7,469.08. After Rawley and Kranova "opted-out" of that case, this Court

approved the settlement on behalf of the other plaintiffs on September 25, 2015.

[Dkt. No. 65] The current proposed settlement, if approved, will pay Ms. Rawley

$29,473.42 and will pay Ms. Kranova $19,855.53, which reflects a deduction of

25% of their liquidated damages which is payable to our firm per the terms of their

retainer agreements. <u>This is almost 300% more than the previous settlement would

have paid them</u>. It is clearly an excellent settlement that should be approved as fair

and reasonable. Half of the settlement proceeds to each Plaintiff will represent

wages for which an IRS Form W-2 will be issued, and half will represent

liquidated damages for which an IRS Form-1099 will be issued. Further, both

Plaintiffs have agreed to the settlement and their individual settlement amounts and

have signed the Settlement Agreement.

13.

Plaintiffs' claims involve being misclassified as independent contractors who were paid no wages at all for all hours worked. For this reason, the credibility of the witnesses is very important and likely would determine whether the Plaintiffs would be awarded pay for each and every alleged unpaid work hour each week. The accuracy of time records of Defendants was disputed by Plaintiffs. This dispute made an evaluation of the risks of trial particularly difficult. Plaintiffs have been made aware of the risks and wholeheartedly agree to and approve of this proposed settlement. In my opinion, this is a good and fair settlement which provides substantial benefit to the plaintiffs and should be approved as a fair and reasonable compromise of bona fide disputed FLSA claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of April 2016.

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411